UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DANNY TREY CROSSLAND                                        CIVIL ACTION

VERSUS                                                                      NO. 25-1595

CORRECTIONAL OFFICER COX                          SECTION "A"(5)


**REPORT AND RECOMMENDATION**

This 42 U.S.C. § 1983 proceeding was filed *in forma pauperis* by *pro se* plaintiff, Danny Trey Crossland, a convicted inmate housed at the B.B. (Sixty) Rayburn Correctional Center in Angie, Louisiana. In his lawsuit against the defendant, Correctional Officer Cox, he claims that he was subjected to unwanted physical contact. He alleges the following occurred:

> On 7-26-25 around 9am I was laying on my stomach in a pair of boxers while on my bed. Correctional Officer "Cox," thats her last name I dont know her first name, comes up to me and taps me on my right butt cheek, I guess to get my attention. While most males would be "oh yea, she touched my butt, I liked that", I dont that was a violation of my respect and personal boundaries her being a correctional officer does'nt excuse her actions. If the roles where reversed and I did that to her I probabley would have been charged with attempted rape, sexual assault, sexual harrassment, molestation. I believe she needs to be held responsible for her actions. Im completely frustrated, aggrivated and feel anger, and violated EVERY other time she has woke me up she has kicked my bed which in turns shakes the whole bed. This incident needs to be delt with and not swept under the rug just because she is a female this shouldnt be looked at like "she touched your butt you should have enjoyed it" because I didnt.[1]

He requests "justice for... [defendant's] sexual harassment and indecent behavior."[2]

A proceeding brought *in forma pauperis* may be dismissed as frivolous under § 1915(e)(2)(B)(i), if the claim alleged therein has no arguable basis in law or fact, *Booker v.*

---

[1] ECF No. 1, Complaint at 9.

[2] *Id*. He says he did not file an administrative grievance based on this incident for fear of retaliation.

*Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(c). To avoid dismissal for failure to state on which relief may be granted, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations ... are true (even if doubtful in fact)." *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation marks, citations, and footnote omitted)). Liberally construing the instant complaint, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed with prejudice for failing to state a claim upon which relief can be granted.

To state a claim for relief under § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or the laws of the United States by a person acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Crossland's purported § 1983 claim against Cox for sexual harassment must be dismissed because he fails to allege a constitutional violation. To the extent Crossland attempts to state an Eighth Amendment claim for sexual harassment under 42 U.S.C. § 1983, he fails to do so.

Sexual abuse and some forms of harassment can trigger Eighth Amendment protections. *See Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (convicted prisoner sexual-assault claims are properly analyzed under the Eighth Amendment); *Brown v. Sloan*, Civ. Action No. 09-1066, 2010 WL 476720, at *1-2 (W.D. La. Feb. 10, 2010) (citing *Boddie v. Schnieder*, 105 F.3d 857, 860-61 (2d Cir. 1997). An Eighth Amendment claim under § 1983, is comprised of two elements, one subjective and one objective. "First, the prisoner must show that the conduct was objectively 'harmful enough' or 'sufficiently serious' to reach

constitutional dimensions." *Lagarde v. Metz*, Civil Action No. 13-805-RLB, 2017 WL 457654, at *3 (M.D. La. Feb. 2, 2017) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8, 20 (1992)). "Second, the subjective prong requires the prisoner to show that the defendant acted with a 'sufficiently culpable state of mind.'" *Id*. (quoting *Hudson*, 503 U.S. at 8).

With respect to the objective component, the United States Second Circuit Court of Appeals, relying on language cited by the Supreme Court in *Hudson*, set forth the following considerations:

> Analysis of the objective prong is "context specific," *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (internal quotation marks omitted), and "depends upon the claim at issue," *Hudson*, 503 U.S. at 8, 112 S.Ct. 995. Although not "every malevolent touch by a prison guard gives rise to a federal cause of action," the Eighth Amendment is offended by conduct that is "repugnant to the conscience of mankind." *Id*. at 9–10, 112 S.Ct. 995 (internal quotation marks omitted). Actions are repugnant to the conscience of mankind if they are "incompatible with evolving standards of decency" or involve "the unnecessary and wanton infliction of pain." *Id*. at 10, 112 S.Ct. 995 (quoting *Estelle v. Gamble*, 429 U.S. 97, 102–03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

*Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). In *Crawford*, the Second Circuit held that even isolated instances of sexual abuse may rise to the level of a constitutional violation "if sufficiently severe or serious," because "no amount of gratuitous or sexually-motivated fondling of an inmate's genitals—even if limited in duration or conducted through the inmate's clothes, as was the case here—is permitted by the Constitution." *Crawford*, 796 F.3d at 257-58; *see also Ricks v. Shover*, 891 F.3d 468, 475-77 (3d Cir. 2018). Prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (such sexual abuse is "simply not part of the penalty that criminal offenders pay for their offenses against society"); *see also Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a

prisoner's constitutional rights whether or not the force exerted by the assailant is significant.").

Liberally accepting the allegations in Crossland's complaint as true, he has not stated a cognizable Eighth Amendment claim. In this case, plaintiff's allegations of an unwanted physical tap simply do not meet the objective or subjective criteria necessary to state a sexual harassment or abuse claim under the Eighth Amendment. *See Toson v. Freeman*, No. 1:22-CV-00085-BU, 2023 WL 4998063, at *3-4 (N.D. Tex. July 24, 2023) (plaintiff's complaints, consisting of name calling and voyeurism, are not sufficiently serious to state a claim for sexual harassment under the Eighth Amendment and because Toson cannot demonstrate that his alleged sexual harassment was sufficiently serious, he will not be able to satisfy the subjective element), *appeal dismissed*, No. 23-10800, 2024 WL 140441 (5th Cir. Jan. 12, 2024). By his own admission, Crossland was clothed and lying face down when the correctional officer tapped him briefly to get his attention. The single, brief unintrusive touch was not accompanied by any communication. Taken as true, the allegations here of a single brief tap on his buttocks by a prison guard, unaccompanied by words suggesting sexual harassment and believed by plaintiff himself to be an attempt to get his attention, do not objectively constitute a sufficiently severe or serious instance of sexual harassment or abuse to state a cognizable constitutional violation. *See Fortman v. Gregg County Sheriff's Office*, Civ. Action No. 24-236, 2024 WL 4372675, at *1 (E.D. Tex. Oct. 2, 2024) (complaint dismissed for failure to state a claim upon which relief can be granted under Section 1983 based on allegations that prison guard grabbed plaintiff's buttock, whispered a sexually suggestive comment in plaintiff's ear and yanked the back of plaintiff's pants up) (citing *Cummings v. Bullock*, No. 3:15-CV-2245, 2019 WL 127112, at *6 (M.D. Pa. Jan. 8, 2019)

(finding no violation where officer "touched Plaintiff's buttocks through his pants and made a suggestive comment")); *Dishman v. Cox*, Civ. Action No. 22-258, 2023 WL 3161654, at *4-5 (S.D. Tex. Feb. 27, 2023 (plaintiff's claim of sexual abuse under Eighth Amendment rejected when video showed brief non-violent, non-intrusive tap to sleeping inmate's midsection), *adopted*, 2023 WL 3167430 (S.D. Tex. Apr. 28, 2023); *Burke v. Soland*, Civ. Action No. 23-0300, 2023 WL 3391467, at *3-4 (S.D. Tex. May 11, 2023) (allegation that correctional officer sexually assaulted plaintiff by grabbing his "behind" while escorting him to receive treatment failed to state a claim upon which relief may be granted), *aff'd*, 2023 WL 8666017 (5th Cir. 2023); *Massey v. Hutschenreuter*, Civ. Action No. 20-159, 2021 WL 3856743, at *4 (W.D. Wis. Aug. 30, 2021) (no reasonable jury could conclude that the conduct described by plaintiff— searching his property more thoroughly than his cellmate's, leaving his underwear turned inside out, smirking or giggling while talking to him, brushing against him briefly in a narrow space—constituted sexual harassment or sexual assault in violation of the Eighth Amendment). Because Crossland fails to assert that a serious incident of a sexual nature occurred, he also cannot meet the subjective component of the test under the Eighth Amendment.

"Generally, ... a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Plaintiff has 14 days from issuance of this Report and Recommendation to submit an amended complaint and include any additional facts and circumstances surrounding this incident with Officer Cox to address the specific concerns cited herein; however, absent timely amendment that sufficiently addresses and overcomes the stated deficiencies, it is the recommendation of the

5

undersigned Magistrate Judge that the complaint should be summarily dismissed with prejudice for failure to state a claim on which relief can be granted.[3]

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that Crossland's complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e) and § 1915A.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this  3rd  day of September, 2025.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent Crossland asserts any state-law claims, under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction if, as here, it "has dismissed all claims over which it has original jurisdiction." "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797, 799 (5th Cir. 1993).

[4] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.